UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVONNE FROST,<br><br>                Plaintiff,<br><br>        -against-<br><br>CVR ASSOCIATES INC., et al.<br><br>                Defendants.<br><br>YVONNE FROST,<br><br>                Plaintiff,<br><br>        -against-<br><br>THE WHITE HOUSE, et al.<br><br>                Defendants. | 1:21-CV-0845 (CM)<br><br>1:21-CV-1950 (CM)<br><br>BAR ORDER UNDER 28 U.S.C. § 1651 |

COLLEEN McMAHON, United States District Judge:

       By order dated April 1, 2021, the Court denied Plaintiff leave to file these actions. The Court also directed Plaintiff to show cause, within 30 days of the date of that order, why the Court should not permanently bar Plaintiff from proceeding *in forma pauperis* ("IFP") in any future civil action that she brings in this court. The Court warned Plaintiff that if she failed to comply with that order within the time allowed, or failed to show cause, the Court would enter an order barring Plaintiff from proceeding IFP in any future civil action that she brings in this court.

       Plaintiff has failed to file a declaration or other submission in response to the Court's April 1, 2021 order. Accordingly, the Court bars Plaintiff from proceeding IFP in any future civil action that she brings in this court. Plaintiff must pay the relevant filing fees every time that she brings a civil action in this court.[1] Plaintiff must also still follow the "leave-to-file" requirements

---

[1] At present, those fees total $402 for each civil action that Plaintiff brings in this court.

that the Court previously imposed on her in *Frost v. NYPD*, 1:20-CV-0417, for any future civil action that she brings in this court. (*See* ECF 1:20-CV-0417, 5, at 2-3.)

The Court respectfully instructs the Clerk of Court that if Plaintiff attempts to file a civil action in this court in which she does not pay the relevant filing fees or comply with the previously imposed "leave-to-file" requirements, the Clerk should not open a new civil action or docket Plaintiff's submissions. Moreover, the Clerk will have no obligation to return Plaintiff's submissions to her but may instead discard or destroy them.

Plaintiff has consented to electronic service of court documents. (ECF 1:21-CV-0845, 5; ECF 1:21-CV-1950, 4.)

This order closes these actions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 5, 2021
New York, New York

COLLEEN McMAHON
United States District Judge